# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

STATE OF TENNESSEE,     )
                         )
       Appellee,          )   C. C. A. NO. 02C01-9812-CC-00383
                         )
vs.                        )   DYER COUNTY
                         )
DARREN A. DIXON,       )   No. C98-16
                         )
       Appellant.         )

**FILED**

**July 9, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## O R D E R

       This matter is before the Court upon the state's motion to affirm the trial court judgment pursuant to Rule 20, Rules of the Court of Criminal Appeals. The appellant in this case pled guilty to possession of a controlled substance with intent to sell or deliver and being a convicted felon in possession of a handgun and was sentenced to twelve years imprisonment. The appellant is seeking to appeal a certified question of law, that is, whether the trial court erred in denying his motion to suppress evidence due to an illegal search. After the appellant filed his brief, the state filed the present motion claiming that this Court is precluded from reviewing the denial of the motion to suppress because the transcript from the hearing on the motion is not included in the appellate record. The appellant has not responded to the state's motion.

       While the state's position is correct, we believe the trial court judgments should be affirmed for another reason. The judgments of guilt in this case were entered on July 9, 1998. However, nowhere in the final judgments is there any mention that the appellant is reserving a dispositive question of law for appellate review. On August 3, 1998, the appellant filed a notice of appeal to this Court. Subsequently, on August 4, 1998, the trial court filed a consent order purporting to certify the question of law. We believe, however, the appellant failed to explicitly reserve a certified question of law that is dispositive of this case in accordance with Tenn.R.Crim.P. 37(b)(2)(i) or (ii) and State

v. Preston, 759 S.W.2d 647 (Tenn. 1988). The history of this case is almost identical to that in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), which controls the Court's decision in this matter.

Accordingly, for the reasons stated above, it is hereby ORDERED that the state's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Since the record reflects the appellant is indigent, costs of this proceeding shall be assessed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE